# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WALKER, et al. | Case No. 1:11-cv-01195-SKO |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS OF PLAINTIFFS PEREZ AND BRAUN** |
| v. | |
| U.S. DEPARTMENT OF COMMERCE, et al., | (Docket No. 63) |
| Defendants. | |

## I. INTRODUCTION

This is an action under Title VII of the Civil Rights Act of 1964 (Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and pursuant to the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, brought by former employees of the United States Census Bureau ("Census Bureau"). Plaintiffs Robin Walker, James Braun, Mona Perez, and Melissa Carmichael filed a Second Amended Complaint ("SAC") on May 14, 2012, naming as defendants John Bryson, in his official capacity as the Secretary of the United States Department of Commerce; and Robert Groves, in his official capacity as the Director of the United States Census Bureau, an agency of the United Sates Department of Commerce ("Defendants").[1] A scheduling order was issued on

---

[1] Plaintiff Carmichael's claims were severed from this action and proceed in a separate, but coordinated case, 1:12-cv-1722-SKO. (Doc. 52.)

1  November 20, 2012, requiring that any dispositive motions be filed no later than November 4,
2  2013. (Doc. 58.)

3  On November 4, 2013, Defendants filed a motion to dismiss certain claims of Plaintiffs
4  Perez and Braun for failure to exhaust administrative remedies, depriving the Court of subject
5  matter jurisdiction over those claims. Plaintiffs filed a statement of non-opposition to Defendants'
6  motion on December 2, 2013. (Doc. 66.) Having reviewed the parties' papers, the Court finds this
7  matter suitable for decision without argument pursuant to U.S. District Court for the Eastern
8  District of California's Local Rule 230(g). Therefore, the hearing set for December 11, 2013, is
9  VACATED. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## II.  FACTUAL BACKGROUND

**A.  Plaintiff Braun**

12  Pursuant to the SAC, Plaintiff James Braun was employed by the Census Bureau in the
13  Fresno Office as an "Administrative Clerk-Security" from approximately November 2008 until
14  June 1, 2010. (Doc. 34, ¶ 53.) Braun's supervisors included "Barcelos," Sabroe, and Munoz, and
15  he alleges that these supervisors discriminated, harassed, and retaliated against him by knowingly
16  and falsely repeating to third parties that Braun was a thief, and accused Braun of belittling "FOS
17  Galaraza." (Doc. 34, ¶ 57(a)-(b).) Braun claims that his employment was terminated in retaliation
18  for his complaints about the oppressive atmosphere, his protected activity in making complaints
19  regarding the termination of co-worker Robin Walker's employment, and because of his race, sex,
20  and religion. (Doc. 34, ¶¶ 57(c), 58.) Braun also states a claim under the ADEA for
21  discrimination, harassment, and retaliation based on his age. (Doc. 34, ¶¶ 67-77.)

**B.  Plaintiff Perez**

23  Plaintiff Mona Perez was employed by the Census Bureau as a Crew Leader at the Fresno
24  Office from approximately September 2009 to June 10, 2010. (Doc. 34, ¶ 92a.) Perez is a
25  Hispanic female, over the age of 40. (Doc. 34, ¶¶ 93, 109.) Perez alleges that during her
26  employment she was subjected to discrimination, harassment, and retaliation on the basis of her
27  race, sex, and place of national origin. (Doc. 34, ¶ 93.) She also claims to have been
28  discriminated, harassed, and retaliated against due to her involvement in Equal Employment

Opportunity Commission ("EEOC") activities including a complaint she filed with the EEOC on December 7, 2009, and her refusal to falsify minutes of a December 11, 2009, meeting as directed by her supervisors, Ramirez and Barcelo. (Doc. 34, ¶ 93.) Plaintiff alleges that unlawful conduct was perpetrated by supervisors Barcelo, Docken, and Munoz. (Doc. 34, ¶ 95.) Plaintiff claims that these supervisors ignored her complaints about the directive that she falsify records; they falsely claimed that Perez was directed to turn in all binders when neither Plaintiff nor anyone else had ever been directed to suddenly turn in incomplete binders; and they terminated Perez' employment for allegedly not turning in the binders, which was pretextual. (Doc. 34, ¶ 96.) Perez also claims that these supervisors lied about Perez "being an average performer when they brought her into a poor performing neighborhood because of her outstanding performance." (Doc. 34, ¶ 96(f).) Additionally, Perez states a claim for age discrimination pursuant to the ADEA. (Doc. 34, ¶¶ 106-16.)

### III.   DISCUSSION

Defendants assert that certain claims of Plaintiff Perez and Braun were not administratively exhausted, and the Court therefore lacks subject matter jurisdiction over those claims. Plaintiffs Perez and Braun filed a statement of non-opposition to Defendants' motion.

**A.   Legal Standard:  Title VII Exhaustion**

Title VII constitutes a limited waiver of the United States' sovereign immunity for claims of federal employment discrimination. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-94 (1990). Pursuant to Title VII, federal employees who pursue judicial claims of employment discrimination must first exhaust their administrative remedies in accordance with the applicable statutory provisions. 42 U.S.C. § 2000e; *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

There are two policy objectives behind the exhaustion requirements:  to give notice of the alleged violation to allow the agency to fix the problem, if applicable; and to give the EEOC and/or an agency a chance to investigate and possibly informally resolve the claim. *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006); *see also*, *Ong v. Cleland*, 642 F.2d 316, 318-20 (9th Cir. 1981).

Substantial compliance with the exhaustion requirement is a jurisdictional prerequisite to bringing suit under Title VII. 42 U.S.C. §§ 2000e-5(e), 2000e-16; *Maui Police Dep't*, 276 F.3d at 1099. Failure to exhaust administrative remedies leaves the district court without subject matter jurisdiction. Pursuant to *National Railroad Passenger Corp. v. Morgan*, a plaintiff who complains of more than one discriminatory or retaliatory act must timely exhaust administrative remedies as to each. 536 U.S. 101, 114-15 (2002). "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Maui Police Dep't*, 276 F.3d at 1100. To determine whether additional allegations are like or reasonably related to allegations in an EEOC charge, a court must ask whether the investigation that would be reasonably expected to develop from the charge would have encompassed those additional allegations. *Green v. L.A. Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1476 (9th Cir. 1989); *Serpe v. Four-Phase Sys., Inc.*, 718 F.2d 935, 937 (9th Cir. 1983).

**B.     Unexhausted Claims of Perez and Braun**

The complaint of employment discrimination that Plaintiff Perez completed and submitted to the EEOC was a form containing a section to state the reason or reasons for the alleged discrimination. Eight different boxes are available to be checked, including for race, color, religion, sex, national origin, age, disability, genetic information, and retaliation. (Doc. 63-2, Exhibit 1.) Plaintiff Perez checked only the boxes for "Age" and "Retaliation." And, while her EEOC charge also includes a four-page narrative alleging age discrimination and retaliation, as Defendants note, the narrative makes no allegation that any person discriminated against her on the basis of her race, sex, or national origin.

In light of the allegations in Perez' EEOC charge, and based on her statement of non-opposition to Defendants' motion, the Court finds that Plaintiff has not exhausted her administrative remedies with respect to claims of discrimination on the basis of race, sex, or national origin. Perez' claims for age discrimination and retaliation, however, have been administratively exhausted and the Court has subject matter jurisdiction over those claims.

As it pertains to Braun, Defendants argue that while the SAC alleges claims for discrimination, harassment and retaliation on the basis of his race, sex, religion, for engaging in protected activities, and on the basis of his age, Braun failed to raise administratively any claim of retaliation or religions discrimination.  In his EEOC charge, Braun checked boxes indicating the reasons for his termination were "race," "color," "sex," "age," and "disability." (Doc. 63-2, Exhibit 3, p. 15.)  However, he left blank the boxes for "religion" and "retaliation." (Doc. 63-2, Exhibit 3, p. 15.)  He also noted on the form that he was "wrongfully terminated 6/1/2010 based on Race, Sex, Age & (Disability/Health)." (Doc. 63-2, Exhibit 3, p. 15.)  Attached to his EEOC charge, Braun set forth allegations that he was unjustly terminated on the basis of his race, sex, and age. (Doc. 63-2, Exhibit 3, p. 18, 19, 20.)  Due to the scope of Braun's EEOC charge and his statement of non-opposition to Defendants' motion, the Court finds that Braun has not administratively exhausted any claim of retaliation or religions discrimination, the Court lacks jurisdiction over such claims, and they are dismissed.

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff Perez' claims of discrimination on the basis of race, sex, and national origin are DISMISSED for lack of subject matter jurisdiction; and
2. Plaintiff Braun's claims of retaliation and discrimination on the basis of religion are DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   **December 16, 2013**            /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE